**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Aug 15 2014, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. LEMON**
Knox, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DENNIS WIREMAN, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | Cause No. 75A03-1312-CR-504 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
Cause Nos. 75C01-1208-FD-183, 75C01-1301-FD-11

**August 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant Dennis Wireman was convicted, in two separate cause numbers, of a total of three counts of Class D felony illegal possession of a controlled substance, Class D felony illegal possession of a syringe, and Class D felony operating a vehicle while intoxicated ("OWI") with a prior conviction. Following a combined sentencing hearing, the trial court imposed two consecutive thirty-month sentences. Wireman contends that his aggregate sixty-month sentence is inappropriately harsh. We affirm.

**FACTS AND PROCEDURAL HISTORY**

**Cause Number 75C01-1208-FD-183 ("Cause No. FD-183")**

At approximately 10:00 p.m on August 21, 2012, Knox Police Officer Chris Kisela and Indiana Department of Natural Resources Conservation Officer Keith Wildeman responded to a dispatch and encountered Wireman asleep behind the wheel of his vehicle, which was parked on Main Street in Knox, still running with its headlights on. Officer Kisela noticed a pill bottle and spoon on the front passenger seat and a syringe in the ashtray in the center console. Officer Kisela managed to rouse Wireman and observe him outside of the vehicle. Wireman's eyes were bloodshot, his speech was slurred, and he "didn't seem to be with it or speaking [in a way] that was making any sense[.]" Tr. p. 10. While the pill bottle on the seat was for a drug prescribed to Wireman, Officer Kisela found pills of Alprazolam and Hydrocodone in Wireman's pants pocket, drugs for which Wireman had no prescription.

On August 22, 2012, the State charged Wireman with Class D felony illegal possession of a syringe and two counts of Class D felony possession of a controlled substance. On August 19, 2013, the trial court found Wireman guilty of two counts of Class D felony illegal possession of a controlled substance.

**Cause Number 75C01-1301-FD-11 ("Cause No. FD-11")**

On the night of January 13, 2013, Starke County Sheriff's Deputy James Upsall was dispatched to a vehicle in the middle of road near the intersection of Starke County Roads 850 South and 1000 East. Deputy Upsall encountered Wireman "passed out" in the front seat of the still-running vehicle with a syringe in his right hand, which was pointed at his left arm and contained a blue liquid. Tr. p. 53. When Deputy Upsall opened the door and reached in to take the vehicle out of gear, Wireman woke up and appeared confused. Deputy Upsall told Wireman to drop the syringe, whereupon Wireman initially attempted to hide it under his shirt. (Tr. 54). Wireman's words were "very slurred[,]" he "wasn't making much sense and … his pupils were dilated pretty well[,]" and "[h]e was very unsteady." Tr. p. 55. Deputy Upsall found half a pill of Oxycodone in the front passenger's seat.

On January 15, 2013, the State charged Wireman with Class D felony illegal possession of a controlled substance, Class D felony illegal possession of a syringe, Class A misdemeanor OWI, Class D felony OWI with a prior conviction, Class C misdemeanor operating a vehicle with a controlled substance in the body, and Class D felony operating a vehicle with a controlled substance in the body with a prior conviction. On August 19, 2013, the trial court found Wireman guilty of Class D felony illegal possession of a controlled

substance, Class D felony illegal possession of a syringe, and Class D felony OWI with a prior conviction.

## Sentencing

On October 1, 2013, the trial court conducted a combined sentencing hearing for Cause Nos. FD-183 and FD-11. The trial court found, as aggravating circumstances, that Wireman's offenses were committed in motor vehicles, his criminal history, and high risk that he would reoffend. In Cause No. FD-183, the trial court sentenced Wireman to thirty months of incarceration for each count of illegal possession of a controlled substance, both sentences to be served concurrently with one another. In Cause No. FD-11, the trial court sentenced Wireman to thirty months each for illegal possession of a controlled substance, illegal possession of a syringe, and OWI with a prior conviction, all sentences to be served concurrently with one another. The trial court ordered that the thirty-month sentences from Cause Nos. FD-183 and FD-11 be served consecutively for an aggregate sentence of sixty months, or five years. The trial court noted that it was required to order that the sentences from the separate cause numbers be served consecutively because Wireman had committed the crimes in Cause No. FD-11 while out on bond in Cause No. FD-183.

## DISCUSSION AND DECISION

### Whether Wireman's Sentence is Inappropriate

We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate

4

review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). The State argues, and we agree, that under the facts of these cases, the trial court could have imposed a maximum aggregate sentence of eight years of incarceration.[1] As previously mentioned, the trial court sentenced Wireman to an aggregate sentence of five years of incarceration.

The nature of Wireman's offenses justifies his sentence. In two separate incidents, Wireman was found passed out behind the wheel of a running vehicle, at least once with the vehicle still in gear. Fortunately, nobody was injured in either incident, but, as the trial court pointed out at sentencing, "When you're in a vehicle, that changes things." Sentencing Tr. p. 18. The trial court, referring to evidence that Wireman was passed out on a curve in the County Road in Cause No. 11, observed that it was fortunate that no other driver came upon him at fifty-five miles per hour before the police discovered him. In short, the State proved circumstances significantly more egregious than those required to prove the crimes with

---

[1] At the time Wireman committed his crimes, the maximum penalty for a single Class D felony was three years of incarceration. *See* Ind. Code § 35-50-2-7 (2012). The trial court could have imposed maximum sentences of four years in each cause number, as the charges in each arose out of a single episode of criminal conduct. *See* Ind. Code § 35-50-1-2(c) (2012) ("[T]he total of the consecutive terms of imprisonment … to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted."). The trial court was required to order that the sentences from both cause numbers be served consecutively because Wireman committed the crimes charged in Cause No. FD-11 while out on bond in Cause No. FD-183. *See* Ind. Code § 35-50-1-2(d) (2012) ("If, after being arrested for one (1) crime, a person commits another crime … while the person is released … on bond[,] the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes

which Wireman was charged, and the nature of his offenses therefore justifies his sentence.

As for Wireman's character, it is that of a reckless and wonton substance abuser who has consistently failed to avail himself of opportunities to receive help. Wireman's criminal history began when he was eleven, and, as a juvenile, he had eight adjustments, mostly for substance-abuse-related offenses. As an adult, Wireman (born in 1969) has amassed eight prior felony convictions, including for two counts of Class C felony forgery, two counts of Class D felony OWI with a prior conviction, Class D felony strangulation, Class D felony domestic battery, Class D felony methamphetamine possession, and Class D felony illegal possession of a syringe. Wireman also has twenty-one prior misdemeanor convictions: the Class A misdemeanors of three counts of OWI, two counts of resisting law enforcement, battery, domestic battery, invasion of privacy, and check deception; the Class B misdemeanors of three counts of public intoxication and failure to stop following an accident; and the Class C misdemeanors of eight counts of illegal consumption of alcohol. (PSI). Wireman has had four probation violations alleged, has had probation revoked on two occasions, and has violated the terms of parole once. Moreover, Wireman had only been released from incarceration for three days when he committed the crimes charged in Cause No. FD-183 and was out on bond in that case when he was charged in Cause No. FD-11. Despite Wireman's long-standing and obvious issues with substance abuse, he indicated in the presentence investigation questionnaire that he did not have a drug problem and was not in need of treatment. In light of Wireman's very extensive criminal history and his failure to

are tried and sentences are imposed.").

address (or even acknowledge) his long-standing substance abuse issues, his character also justifies enhanced sentences. In light the nature of Wireman's offense and his character, he has failed to establish that his five-year aggregate sentence is inappropriate.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.